UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK D. ROGERS,

    Petitioner,

v.      Case No. 23-CV-1682

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

Patrick D. Rogers was convicted of drug and firearm offenses in case number 21-CR-152 (E.D. Wis.). At sentencing, the Honorable J.P. Stadtmueller instructed Rogers's attorney, Dennis Coffey, to confer with Rogers regarding whether he wished to appeal:

> In the event he elects to forgo such an appeal, I would ask that as his counsel you formally notify the Court, whether by pleading or letter, indicating that you have discussed with your client his right of appeal and that he has elected to forgo such an appeal. And should the latter be the case, I would also ask that on whatever form of communication you use with the Court you include a signature line for Mr. Rogers acknowledging having been advised of his right of appeal and that he has elected to forgo such an appeal.

(ECF No. 42 at 33.) Coffey did not file a notice of appeal or any document indicating that Rogers chose not to appeal.

On December 15, 2023, Rogers filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Judge Stadtmueller referred the matter to this court and ordered it to hold an evidentiary hearing and issue "a report and recommendation on the issue of whether Petitioner did, in fact, instruct Attorney Coffey to file a notice of appeal on his behalf and whether Attorney Coffey disregarded that instruction." (ECF No. 7 at 5, 6.)

The court held an evidentiary hearing on May 22, 2024. Testifying at the hearing were Rogers and Coffey. Rogers's testimony was credible and consistent that he wished and expected Coffey to file a notice of appeal, he expressed that to Coffey, and he never expressed not wanting to appeal. Coffey acknowledged that Rogers never expressly told him that he was electing not to file an appeal or signed a document to that effect as required by Judge Stadtmueller. Rather, Coffey testified merely that it was his impression and understanding after meeting with Rogers shortly before the deadline for filing a notice of appeal that Rogers did not wish to appeal. Notwithstanding that impression, Coffey did not notify Judge Stadtmueller that he had discussed with Rogers his right of appeal and that he had allegedly elected to forego such an appeal. Based on the evidence adduced at the hearing, the court finds that Rogers instructed Coffey to file a notice of appeal and Coffey failed to do so.

In accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) any written objection to any order herein or part thereof may be filed within fourteen days of

2
Case 2:23-cv-01682-JPS   Filed 05/23/24   Page 2 of 3   Document 12

service of this order. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge