# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK D. ROGERS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 23-CV-1682-JPS

**ORDER**

      In December 2023, Petitioner Patrick D. Rogers ("Petitioner") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. In his motion, Petitioner alleged that he had instructed his defense counsel, Attorney Dennis Coffey ("Attorney Coffey"), to file a notice of appeal on his behalf following his sentencing in his criminal case, *United States v. Patrick D. Rogers*, 21-CR-152-JPS (E.D. Wis.), but that Attorney Coffey had failed to do so. *Id.*

      The Court screened the motion and ordered Attorney Coffey to appear and respond to the allegations. ECF No. 3. Attorney Coffey did so, but, finding his response deficient, the Court ordered him to supplement it. ECF Nos. 4, 5. Following the filing of Attorney Coffey's supplemental affidavit, ECF No. 6, the Court entered an order summarizing Attorney Coffey's version of events as set forth in his affidavit and supplemental affidavit:

> [I]mmediately following Petitioner's sentencing in December 2022, Attorney Coffey met with Petitioner and discussed with him the sentence imposed . . . and the possibility of appeal. Based on that conversation, Attorney Coffey "believed [that

Petitioner] would appeal," so he drafted a notice of appeal and docket statement.

Attorney Coffey arranged for a phone call with Petitioner to be held on December 23, 2022. During that call, Attorney Coffey and Petitioner discussed Petitioner's "options" but ultimately decided to discuss the matter further in person at the detention center.

Attorney Coffey visited Petitioner at the detention center several days later, on December 27, 2022, for approximately one hour and twenty minutes. At that time, Attorney Coffey and Petitioner "discussed the likelihood of success for any appeal" and the sentence he could expect to serve. By the time he left the detention center, Attorney Coffey "had assured [him]self . . . that [Petitioner] did not want to appeal." . . .

Attorney Coffey again spoke with Petitioner by telephone on December 29, 2022—the day a notice of appeal would have been due. During that call, Petitioner did not indicate in any way . . . that he wanted to pursue an appeal." Attorney Coffey additionally represents that he has had "multiple telephone conversations by telephone with" Petitioner since that time and has received multiple mailings from Petitioner, and that in none of those conversations or mailings has Petitioner raised the issue of an appeal.

With respect to the Court's order instructing Attorney Coffey to supplement his response regarding the Court's instruction that he file a document signed by Petitioner acknowledging that he decided to forego an appeal, Attorney Coffey acknowledges that he failed to file with the Court any such document. He writes that "[t]hat failure was/is unfortunate but . . . was, at least in part, a function of the unavailability of [Petitioner] to" Attorney Coffey.

ECF No. 7 at 2–3 (citations omitted). The Court expressed some skepticism at Attorney Coffey's version of events:

The Court cannot help but question Attorney Coffey's assertion that his failure to file a document signed by Petitioner acknowledging that he had decided to forego his

appeal was, at least in part, attributable to "the unavailability of [Petitioner]." Attorney Coffey has represented to the Court that he met with Petitioner in person at the detention center following sentencing and before a notice of appeal would have been due . . . . He also represents that he engaged in multiple further communications with Petitioner after that point, including by mail. It is therefore entirely unclear how Petitioner was "unavailable[e]" to him such that he was unable to comply with the Court's order. He seemingly could have gotten Petitioner's signature acknowledging his desire to forego his appeal during their December 27, 2022 visit at the detention center. Alternatively, Attorney Coffey could perhaps have mailed such a letter to Petitioner and received a signed copy back by mail. Attorney Coffey does not indicate that he was unable to contact Petitioner by mail or otherwise; to the contrary, . . . he represents that he "received multiple mailings" from Petitioner . . . . His own submissions, therefore, contradict his rather bald assertion that his failure to comply was in any part attributable to Petitioner's own "unavailability."

*Id.* at 4–5 (citations omitted).

The Court ordered that the matter be referred to Magistrate Judge William E. Duffin to hold an evidentiary hearing and issue a report and recommendation as to whether Petitioner had instructed Attorney Coffey to file a notice of appeal on his behalf and whether Attorney Coffey had failed to do so. *Id.* at 6. The Court also instructed Magistrate Judge Duffin to appoint counsel for Petitioner, if warranted by a finding of indigency, to represent him at the evidentiary hearing. *Id.* at 5.

In May 2024, Magistrate Judge Duffin held the evidentiary hearing, at which Petitioner was represented by counsel. Both Petitioner and Attorney Coffey testified. In his subsequent report and recommendation, Magistrate Judge Duffin concluded that

> [Petitioner's] testimony was credible and consistent that he wished and expected [Attorney] Coffey to file a notice of appeal, he expressed that to [Attorney] Coffey, and he never expressed not wanting to appeal. [Attorney] Coffey acknowledged that [Petitioner] never expressly told him that he was electing not to file an appeal or signed a document to that effect as required by Judge Stadtmueller. Rather, [Attorney] Coffey testified merely that it was his impression and understanding after meeting with [Petitioner] shortly before the deadline for filing a notice of appeal that [Petitioner] did not wish to appeal. Notwithstanding that impression, [Attorney] Coffey did not notify Judge Stadtmueller that he had discussed with [Petitioner] his right of appeal and that he had allegedly elected to forego such an appeal. Based on the evidence adduced at the hearing, the court finds that [Petitioner] instructed [Attorney] Coffey to file a notice of appeal and [Attorney] Coffey failed to do so.

ECF No. 12 at 2. Magistrate Judge Duffin noted that any written objection to the report and recommendation should be filed within fourteen days of service of the report and recommendation. *Id.* at 2–3.

Having received no objections, and seeing no other reason to reject it, the Court will adopt Magistrate Judge Duffin's report and recommendation. The Court will therefore grant Petitioner's § 2255 motion. *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994) ("If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal. Abandonment is a *per se* violation of the [S]ixth [A]mendment." (citing *United States v. Cronic*, 466 U.S. 648, 658–59 (1984))).

As a result, the Court must "enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance

Page 4 of 6
Case 2:23-cv-01682-JPS   Filed 06/26/24   Page 4 of 6   Document 15

of counsel." *Id.* at 720 (citing *Page v. United States*, 884 F.2d 300 (7th Cir. 1989)). The Court therefore orders that Petitioner's right to appeal his criminal conviction and sentence in *United States v. Patrick D. Rogers*, 21-CR-152-JPS (E.D. Wis.) be and the same is hereby reinstated. By separate order in his underlying criminal case, the Court will refer the matter back to Magistrate Judge Duffin for appointment of counsel for purposes of filing a notice of appeal. Petitioner's notice of appeal will be due within **fourteen (14) days** of the appointment of CJA counsel.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 12, be and the same is hereby **ADOPTED;**

**IT IS FURTHER ORDERED** that Petitioner Patrick D. Rogers's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Patrick D. Rogers's right to appeal his criminal conviction and sentence in *United States v. Patrick D. Rogers*, 21-CR-152-JPS (E.D. Wis.) be and the same is hereby **REINSTATED**;

**IT IS FURTHER ORDERED** that Petitioner Patrick D. Rogers shall file, through counsel, a notice of appeal of his criminal conviction and sentence in *United States v. Patrick D. Rogers*, 21-CR-152-JPS (E.D. Wis.) within **fourteen (14) days** of the appointment of CJA counsel; the Clerk of Court is instructed to send to the Seventh Circuit a copy of this Order along with such notice of appeal; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge